UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HOLGER ALBERTO PEREZ - KOCHER,

Plaintiff,

v.

Case No: 6:20-cv-2357-GKS-EJK

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

# ORDER

THIS CAUSE comes before the Court upon the Defendant, Commissioner of Social Security's (Commissioner), Opposed Motion Pursuant to Fed. R. Civ. P 12(b)(1) to Dismiss Plaintiff's Complaint In Part, (Doc. 15) (Motion to Dismiss), to which Plaintiff, Holger Alberto Perez-Kocher, filed a response in opposition (Doc. 20). Thereafter, Defendant filed a notice of supplemental authority, (Doc. 24), as did Plaintiff, (Doc. 29). Finally, both Defendant, (Doc. 32), and Plaintiff, (Doc. 34), filed supplemental briefs.

On November 23, 2021, the United States Magistrate Judge issued a Report and Recommendation, (Doc. 35), setting out the dual grounds of Plaintiff's appeal

(Doc. 1), as well as Defendant's basis for the Motion to Dismiss the constitutional challenge (Doc. 15).

> Plaintiff asserts both a traditional challenge to the Commissioner's lack-of-disability determination and a constitutional claim. (*Id.*) In the constitutional claim, Plaintiff alleges, "The Social Security Administration's leadership by a single individual removable only for inefficiency, neglect, or malfeasance violates the United States Constitution's separation of powers. There is no valid Commissioner of Social Security." (*Id.* ¶ 7.) Plaintiff further alleges that because "there is no valid Commissioner of Social Security . . . the Administrative Law Judge was not properly appointed, and her decision is therefore void." (*Id.* ¶ 9.)
> The Commissioner acknowledges that Plaintiff has standing to assert his traditional claim but seeks the dismissal of Plaintiff's constitutional claim. (Docs. 15 at 2; 32 at 3.)

(Doc. 35:1-2).

In the Report and Recommendation, the Magistrate Judge explained that

> [u]pon review of the Motion, the issues of appropriate relief, compensability, and ALJ ratification are intertwined with the merits and will be treated as a Rule 12(b)(6) challenge. However, the issue of redressability is solely a jurisdictional issue and will be reviewed as a Rule 12(b)(1) facial attack.

(Doc. 35:5).

Plaintiff filed timely Objections to the Report and Recommendation (Doc. 36). And Defendant filed a Response to the Plaintiff's Objections to the Report and Recommendation (Doc. 37).

After *de novo* review and consideration of the portions of the Report and Recommendation, (Doc. 35), to which Plaintiff objects, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. United States Magistrate Judge Embry J. Kidd's Report and Recommendation (Doc. 35) is **APPROVED** and **ADOPTED** and is made part of this Order for all purposes, including appellate review.

2. The Commissioner's Motion to Dismiss, (Doc. 15) is **GRANTED in part**, as to its challenge pursuant to Rule 12(b)(6).

3. Plaintiff's constitutional claim is **DISMISSED** for failure to state a claim upon which relief may be granted.

4. The Commissioner's Motion to Dismiss, (Doc. 15), is **DENIED as to all else.**

**DONE AND ORDERED** at Orlando, Florida, this ___7___ day of January, 2022.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Unrepresented Parties